UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LENA MATTI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO: 1:23-cv-1937 |
| | ) |
| BOARD OF TRUSTEES OF | ) |
| INDIANA UNIVERSITY, | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

1. Comes now the Plaintiff, Lena Matti ("Plaintiff"), by undersigned counsel, and hereby files this lawsuit against the Defendant, Board of Trustees of Indiana University, d/b/a Indiana University School of Dentistry ("Defendant"), under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA"), the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 701 *et seq.* ("Rehab Act"), and Title IX of the Educational Amendments of 1972, 20 U.S.C. § 1681 ("Title IX").

**PARTIES**

2. Plaintiff is a citizen residing in the State of Indiana. During the events described herein, Plaintiff was a student at the Indiana University School of Dentistry.

3. Defendant is an institution of higher education that operates and conducts business in the Southern District of Indiana.

**JURISDICTION AND VENUE**

4. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 & § 1343.

5. This Court has personal jurisdiction over Defendant on the grounds that Defendant is conducting business at Indiana University within the State of Indiana.

6. Venue is proper in this Court pursuant to 28 U.S.C. §1391 because the events or omissions giving rise to the claim occurred in this judicial district.

**FACTUAL ALLEGATIONS**

7. Plaintiff is a dental student enrolled at the Indiana University School of Dentistry. Plaintiff suffers from a learning disability and is also a first-generation immigrant who at times struggles with comprehending the English language.

8. Due to Plaintiff's cognitive disability, she is entitled to one-and-a-half times (150%) the established test-taking time and alternate test settings (reduced distracting environment proctored in the Indiana University Adaptive Educational Services ("AES") Testing Lab). Plaintifff's accommodations are reflected in an "Academic Accommodations Memorandum" from AES that was executed by Natalie Albert on September 28, 2021. See Exhibit A attached and incorporated herein.

9. Plaintiff's Fixed Prosthodontics II professor, Dr. Michele Kirkup, made prejudiced comments about how Plaintiff spoke and reiterated words. On or about February 11, 2023, Plaintiff reported Dr. Kirkup to the Indiana University School of Dentistry, Student Affairs office for disability and nationality-based harassment and discrimination.

10. After Plaintiff expressed to Dr. Kirkup her concerns regarding the discriminatory behavior, Dr. Kirkup took her out of class and brought her back to the Student Affairs office. In doing so, Dr. Kirkup used verbiage that alluded to her being subjected to discipline in front of the class. Dr. Kirkup's actions caused Plaintiff to suffer from multiple instances of bullying by her peers, which have been documented and witnessed by several individuals.

11. As a result of Dr. Kirkup's discriminatory conduct, Plaintiff suffered a panic attack while in the Student Affairs office. This occurred while Dr. Kirkup and Associate Dean

for Student Affairs and Admissions, Dr. Sylvia Frazier-Bowers, were present. Neither Dr. Kirkup nor Dr. Frazier-Bowers took any remedial action upon witnessing Plaintiff's panic attack. These inactions exacerbated the symptoms of Plaintiff's disability.

12. Plaintiff indicated in multiple emails to the Student Affairs office that her interactions with Dr. Kirkup negatively affected her mental health and were detrimental to her success as a student. In doing so, Plaintiff referenced several activities that constituted disability-based harassment on the part of Dr. Kirkup. Particularly, Plaintiff expressed that she had been "unable to focus in class due to the unbearable stress caused by these incidents," and that she was "being bullied and demeaned on various occasions." Plaintiff also emphasized that it was "imperative for the professor or administration to intervene at this point," as it was "significantly affecting [her] mental well-being . . ." Despite her documented complaints, Defendant failed to afford Plaintiff any relief.

13. After Plaintiff complained of Dr. Kirkup's discriminatory treatment to the Student Affairs office on or about February 11, 2023, her behavior towards Plaintiff worsened. On the same day Plaintiff reported her, Dr. Kirkup "anonymously" projected Plaintiff's practical to the entire class and taunted her about it. Specifically, she asked Plaintiff if she saw how tapered the dental prep was, while alluding to it being hers. Dr. Kirkup later denied that she suggested the prep was Plaintiff's, even though her actions indicated otherwise, and it was in fact Plaintiff's prep.

14. On or about February 27, 2023, Plaintiff attended a peer mediation at the Student Affairs office. During the mediation, a student admitted to bullying and harassing Plaintiff and another student because of Dr. Kirkup's behavior. Plaintiff reported many similar instances of this type of harassment from her peers to Director of Student Services, Martha Marshall

throughout the course of the semester on a frequent basis, but Defendant failed to take sufficient corrective action.

15. On or about April 21, 2023, Dr. Kirkup refused to acknowledge that Plaintiff made any progress in her course, even though other professors and teaching assistants did. Professor Johnson and Teaching Assistants, Raphael Raganit and Dan Godfrey all mentioned that Plaintiff showed significant improvement.

16. Dr. Kirkup expressed hostility toward Plaintiff's accommodation. More specifically, Kirkup stated, "well when you have all that time to do it like you do when you take exams of course you'll be able to do it well."

17. As a result of her unfair treatment, Plaintiff suffered from a panic attack linked to her medical condition midway through her third practical. On the last day, Plaintiff informed Dr. Kirkup of her symptoms, but Dr. Kirkup disregarded her. Rather than making any effort to provide Plaintiff with proper accommodations, Dr. Kirkup expressed that she was "worried for [her] progress" in an email to her. In the email, Dr. Kirkup solely focused her concerns on activities that Plaintiff had not yet completed, while not taking issue with any of Plaintiff's completed work.

18. On or about May 5, 2023, Dr. Kirkup gave Plaintiff a failing grade on her final practical. As a result, she received a failing overall grade in the course. Plaintiff expressed her concerns about the continued bullying and harassment that would accompany her failing the course, but Dr. Kirkup dismissed her by suggesting that "maybe you shouldn't care so much about what people think."

19. Notably, Defendant required Plaintiff to complete back-to-back practicals on four consecutive class days, without her approved accommodation of 1.5x extended time. This was

ruled discriminatory under the ADA by Indiana University's Accessible Educational Services ("AES"). See Exhibit B attached and incorporated herein.

20. In or around May 2023, Plaintiff's accommodations were publicly posted on the class web page. Only upon Plaintiff complaining to the Office of Equal Opportunity (recently renamed the "Office of Institutional Equity") was the post removed. The confidentiality of disability-related information is protected under Section 504 of the Rehab Act and the ADA.

21. On or about May 21, 2023, Dr. Kirkup denied Plaintiff's attempts to appeal her grade in the course. While Plaintiff was not provided an opportunity to meet with Dr. Kirkup in person to appeal her grade on the practical, a male, Michael Kessler, was.

22. Two previous non-disabled students, Elizabeth Morrell and Awais Mufti, were informed that their work was clinically unacceptable, but each were permitted to pass their practicals.

23. On or around May 8, 2023, Plaintiff spoke to Dean Murdoch-Kinch and Associate Dean of Education and Academic Affairs, Dr. Laura Romito in the Student Affairs office. Each dismissed Plaintiff's concerns regarding her unfair treatment and refused to initiate any investigation.

24. On or about July 11, 2023, Plaintiff's grading appeals were denied. Plaintiff was never permitted to speak directly with the Progress Committee, even though students who repeated their second year of courses were permitted to do so in 2022. The Progress Committee is comprised of faculty members who are tasked with making determinations as to whether students may progress to the next semester of courses offered in the dental program.

25. As a result of Defendant's discriminatory and retaliatory actions, Plaintiff must now retake her entire second year of courses, because a passing grade in Fixed Prosthodontics II is required to progress further in the curriculum.

## COUNT I

## AMERICANS WITH DISABILITIES ACT – TITLE II

26. Plaintiff hereby incorporates paragraphs 1-25 of her Complaint.

27. Plaintiff was denied the opportunity to benefit from the Indiana University School of Dentistry's programs, services, and activities in violation of Title II of the Americans with Disabilities Act.

28. Defendant's unlawful actions were willful, intentional, and done with reckless disregard for Plaintiff's federally protected civil rights.

29. Plaintiff has and continues to suffer harm as a result of Defendant's unlawful actions.

## COUNT II

## REHABILITATION ACT OF 1973 – SECTION 504

30. Plaintiff hereby incorporates paragraphs 1-29 of her Complaint.

31. Plaintiff was denied the benefits of her educational program because of her disability.

32. Defendant's unlawful actions were willful, intentional, and done with reckless disregard for Plaintiff's federally protected civil rights.

33. Plaintiff has and continues to suffer harm as a result of Defendant's unlawful actions.

## COUNT III

### TITLE IX OF THE EDUCATIONAL AMENDMENTS OF 1972

34. Plaintiff hereby incorporates paragraphs 1-33 of her Complaint.

35. Plaintiff was discriminated against based on her sex in violation of Title IX.

36. Defendant's unlawful actions were willful, intentional, and done with reckless disregard for Plaintiff's federally protected civil rights.

37. Plaintiff has and continues to suffer harm as a result of Defendant's unlawful actions.

### REQUESTED RELIEF

WHEREFORE, Plaintiff, Lena Matti respectfully requests that this Court find for her and order that:

1. Defendant pay compensatory and punitive damages to Plaintiff;

2. Defendant pay pre- and post-judgment interest to Plaintiff;

3. Defendant pays Plaintiff's attorneys' fees and costs incurred in this action; and

4. Any and all other legal and/or equitable damages that this Court determines just and proper to grant.

Respectfully submitted,

John H. Haskin
Julie C. Alexander
JOHN H. HASKIN & ASSOCIATES
255 North Alabama Street, 2nd Floor
Indianapolis, Indiana 46204
Telephone: (317) 955-9500
Facsimile: (317) 955-2570
Email: jhaskin@jhaskinlaw.com
Email: jalexander@jhaskinlaw.com

## DEMAND FOR JURY TRIAL

Plaintiff, Lena Matti, respectfully requests a jury trial for all issues deemed triable.

                                        Respectfully submitted,

                                        John H. Haskin
                                        Julie C. Alexander
                                        JOHN H. HASKIN & ASSOCIATES
                                        255 North Alabama Street, 2nd Floor
                                        Indianapolis, Indiana 46204
                                        Telephone: (317) 955-9500
                                        Facsimile: (317) 955-2570
                                        Email: jhaskin@jhaskinlaw.com
                                        Email: jalexander@jhaskinlaw.com