deposition, affidavit, declaration, or at trial, refer to Plaintiff's Complaint. Answering further, Plaintiff states as follows: My ability to be able to concentrate was diminished due to Dr. Kirkup's behavior towards me that triggered panic and anxiety, and thus, needing to remove myself from class, lab, etc. I then suffered from bullying and had to limit my time in after-hours lab practicing because of the harassment. I was also not provided unbiased feedback from Dr. Kirkup; as such, my quality of work was affected, because I wasn't able to receive proper assessment. Dr. Kirkup would make false statements to student affairs, most of which are documented in emails. She told me two days before the practical, "of course you can do good work if you have all that time like with your accommodations, but can you really do this in a practical." She did not seem to relay any other issues to me in that feedback session, yet emailed Martha in student affairs, telling her she was worried for my progress. However, Dr. Kirkup never relayed any concerns of my progress to me prior to speaking with Martha. If I had known, I would have been able to fix any problem areas, but purposely failed to provide me proper feedback; I was never clearly made aware of her expectations as a result.

**Interrogatory No. 16:** In Paragraph 13 of Your Complaint, You allege that "Dr. Kirkup 'anonymously' projected [Your] practical to the entire class and taunted [You] about it[]" and "allud[ed] to it being [Yours,]"and that "Dr. Kirkup later denied that she suggested the prep was [Yours], even though her actions indicated otherwise, and it was in fact [Your] prep." With respect to these allegations, describe with particularity the facts relating to such allegations, including the identity of each witness to these alleged statements and actions; identify all documents, recordings or other evidence that memorialize these alleged statements and actions;

13

identify all witnesses on whose testimony You will rely to support these allegations; and describe with particularity the practical and how You determined and/or identified that the prep "was in fact" Yours.

**Answer:** Objection. Plaintiff objects on the grounds that this interrogatory (1) is overly broad; (2) requires a narrative response that is more properly reserved for a deposition; and (3) is unduly burdensome. Subject to and without waiving the foregoing objections, and expressly subject to any testimony proffered by Plaintiff in a deposition, affidavit, declaration, or at trial, refer to Plaintiff's Initial Disclosures and Preliminary Witness and Exhibit lists. Answering further, Plaintiff states as follows: I said this to Dr. Frazier-Bowers the day of the initial panic attack. My project was "anonymously" projected. Dr. Kirkup later said, "do you see how this looks exactly like the issues I projected" in a feedback session with other students nearby. The class present on this day and around the grading room can attest to Dr. Kirkup taking me out in a very hostile manner.

**Interrogatory No. 17:**   In Paragraph 16 the Complaint, You allege that "Dr. Kirkup expressed hostility toward [Your] accommodations." With respect to this allegation, describe with particularity each instance in which Dr. Kirkup expressed hostility toward Your accommodations; identify each witness to any alleged statement(s); identify all documents, recordings or other evidence that memorialize any alleged statement(s); and identify all witnesses on whose testimony You will rely to support this allegation.

**Answer:** Objection. Plaintiff objects on the grounds that this interrogatory (1) seeks the production of information that is not relevant and not reasonably calculated to lead to admissible evidence; (2) is overly broad; (3) requires a narrative response that is more properly reserved for

14

a deposition; and (4) is unduly burdensome. Subject to and without waiving the foregoing objections, and expressly subject to any testimony proffered by Plaintiff in a deposition, affidavit, declaration, or at trial, Plaintiff states as follows: refer to Plaintiff's Initial Disclosures and Preliminary Witness and Exhibit lists, and Plaintiff's other Answers, including Answer to Interrogatory No. 15. Answering further, Plaintiff states as follows:

1. Told me the day of the initial panic attack that she does not believe that I can finish a certain prep in time and that to "test my limits," I had to produce a certain prep that we just had a practical on in "30 minutes" which was about 4x less than our originally allotted time. She disregarded my comments about me telling her I was able to do it, and she believed I always had an issue with time. Regardless, I did the prep in the shortened, allotted time, and complained to her that she "berated and dismissed me for 20 minutes for no reason" in front of other students.

2. Dr. Kirkup would make comments regarding signs and symptoms of my ADHD/ADD. She would say that I have an issue with organization and other facets of professionalism.

3. Kaitlyn Mullin made a comment about how Dr. Kirkup treats students with accommodation a certain way, especially me.

**Interrogatory No. 18:** In Paragraph 17 of the Complaint, You allege that Dr. Kirkup did not "make[] any effort to provide [You] with proper accommodations[.]" With respect to this allegation, describe with particularity the facts relating to such allegations, including any other way You allege the University failed to follow its own policies and/or procedures to provide You with academic accommodations; identify all documents on which You will rely to support this allegation; and identify all witnesses on whose testimony You will rely to support this allegation.

**Answer:** Objection. Plaintiff objects on the grounds that this interrogatory (1) is overly

15

## **VERIFICATION**

I HEREBY SWEAR OR AFFIRM UNDER THE PENALTIES OF PERJURY THAT THE ABOVE AND FOREGOING STATEMENTS ARE TRUE AND ACCURATE TO THE BEST OF MY KNOWLEDGE AND BELIEF.

Dated: 09/20/2024

*[signature]*
Lena Matti (Sep 20, 2024 17:05 EDT)

Lena Matti

20